Noel Valdez Andrade #857698

Cause No. CR-97I-122B

RECEIVED IN
COURT OF CRIMINAL APPEALS

RECEIVED IN NOV 06 2015
COURT OF CRIMINAL APPEALS

Abel Acosta, Clerk

Abel Acosta, Clerk

Applicant for writ of Habas Corpus

To: Clerk of Court of Criminal Appeals; with all Due Respect Applicant for writ of Habas Corpus 11.07. In the aboved cause, is writing to notify the clerk and the court of Criminal Appeal that applicant Filed an 11.07 in the 222nd District Court of Deaf Smith County, Texas. ON Sep.16th 2015 ~~and~~ Because of a time descripence of Maximum Discharge Date. Being moved and applicant being held pasted his maximum Discharge Date of 10-06-2015. applicant sent (2 Exibit) to the 222nd with Dates where his max. date was changed. Board of Pardons + Parole was going to revoke applicant and then changed there mind sent applicant to ISF and never moved his Maximum Discharge Date Back to 10-06-2015 From 11-16-2015. State Counsel for Offenders did an investigation found the mistake and notified TDCJ-Parole and Board Pardons + Parole applicant also notified TDCJ-Records Parole, Board Pardons + Parole and Unit Warden + Unit Parole officer and Filed 11.07 with the 222nd District Court of Deaf Smith County, Texas giving everyone enough time and more than enough time to have applicant out and released on his Maximum Discharge Date of 10-06-2015 but everyone ignored Applicant. The 222nd District Court. Convicting Court found issues that needed

to be resolved. giving Applicant some kind of relief but not acting on the evedince and or letters from a State Department of TDCJ. State Counsel for offenders That applicant is inclosing with this letter Facts that there had been a mistake made and never corrected leaving applicant incarcerated past his maximum discharge Date of 10-06-2015. 222nd District Court of Deaf Smith County, Texas. granting appication and finding issues red needed to be resolved order Zachary Brown to submit an affiddavit But give him 60 days Violating the time allowed in Art. 11.07 § 3(d) of 20 days. Realy an accessive amout of time for an affidavit when the court already had letters with Dates and mistake made and found that there was issues need to be resolved. This is a time credit mistake applicant is asking the court to correct but the 222nd District Court just prolonging and keeping applicant confined past his maximum discharge Date intentionally to do applicant Harm. Violating his 8th & 14th Amendment Rights and in Violation of Expost Facto Law. And the time Allowed in 11.07 § 3(d) of 20 days and gathering evidince, affidavits and submiting it all to court of Criminal Appeals prolonging applicante stay in or confined past his Maximum Discharge Date and holding Application 11.07 in the court as well as applicant confined Ex Pasted his maximum Discharge Date 10-06-15

applicant was reading Art. 11.07 and at the end he read where the person wrote about ? ask and a quote that said. "But the persons who are affected by the mistakes which are fixed in those trivial matters they are of prime importance. And they should be to us, too. Not because some inmate got out of prison 25 days early as he was suppose to do but because that person was able to insist, through the courts on the mistake being rectified. That says alot about our system and it's priorities, and about us. And I Like what it says..." This was wrote by someone in the court system and the law in our ~~codey codey~~ State + the U.S.

Applicant is asking and prays that the clerk of Criminal Appeals, call, E-mail or teletype the Deaf Smith County District Clerk have them forward or send applicants 11.07 writ of Habas corpus and all orders motions, Exibits, everything collected by the clerk and the court. Because they are past the time allowed + Keeping applicant confined past his maximum Discharge Date of 10-06-2015. Intentionaly to do applicant harm more harm then already done. 222nd District Judge was convicting State Attorney in applicants cases having conflict of intrest already and the Judge having personal knolege of applicant and writing to settle a personal Vendecta he has because applicant had an affair with Judges Bestfriends wife Judge + D.A. Both have conflict of intrest in applicants

case and should have not even made any kind of ruling or order on applicants 11.07 Being that they had personal Knoledge of applicant and threatened applicant befor and told him they would make applicant do as much time as they could on these cases as you can see they Judge Roland saul + D.A. Jim English went ahead processed applicants 11.07 instead of doing the right thing by the law of the U.S. + Texas and just forward application to the court criminal ~~Appeals~~ Appeals and telling the court there was a conflict of intrest. They Judge + D.A. make an order of 60 days keeping there word and threat of making applicant do as much time as they could illegally Violating applicants U.S. Constitutional Amendment Rights and Texas Const. Art. 1 §1-19. Violating law and braking laws of the State of Texas. Because the Judge of the 222nd District Court seen that applicant was being confined illegaly past his maximum discharge date is why he granted applicants application 11.07 and found issues that needed to be resolved but still keeping him incarcerated past his maximum discharge date. of 10-06-2015 Holding Hostage along with TDCS-Parole + Board Pardons + Parole. Applicant ask that Cleark + or court give him the relief he has been saeking & release him because he is past his Max. Date of 10-06-2015 and has Done 18 yrs 3 months on his 17 yr sentence. Thank you!

Noel Valdez Andrade #857698



## State Counsel for Offenders

Texas Department of Criminal Justice
P.O. Box 4005
Huntsville, TX 77342-4005
(936) 437-5203

September 16, 2015

Noel Andrade-TDCJ-ID#857698
West Texas ISF
2002 Lamesa Hwy
Brownfield, TX 79316

Dear Mr. Andrade:

Our office has received your request to investigate the possibility of receiving credit for "street time" which you feel that you may be entitled to. Upon investigating your case it appears the Board of Pardons and Parole held a revocation hearing and it was decided to transfer you to an ISF instead of revoking you. Your maximum discharge date should revert back to the same date you had upon your last release from TDCJ. In addition, we have no way of knowing the length of time it will take to complete this process. If, however, you do get revoked later contact our office again for further investigation.

*[handwritten: 10-6-2015 Street time]*

Your "street time" has been credited to you from your last revocation dated 10-20-2014. Out-of-custody time is still reflected, causing your maximum discharge date to push out to 11-16-2015 from 10-06-2015 due to a prior release, which is the difference between the date the blue warrant was issued and the date you were arrested for this violation.

**Records reflect Cause: CR-97H-081 expired 06-29-2015** *[handwritten: + — 17 ←]*

**Cause: CR-96K-136 expired 06-20-2015** *[handwritten: — = 17]*

*[handwritten: CR-97I-122]*

Sincerely,

Douglas Kim, Chief
Legal Services Section

M. Thornton, Legal Assistant
Legal Services Section
cc: File

*[handwritten notes: 10-06-2015 is and was the Discharge Date I had when I Last got out TDCJ In Sep. 2010]*

*[handwritten: Because I got all my Street time Credit as stated here Sep 2010 to 10-20-2014 Maximum Date 10-06-2015. Mistake Never Corrected]*

TDCJ Custody 9-14-1997 Released 2-14-2007 Max. Date 9-14-2014

Revoked Sent to TDCS 6-19-2009 Released 9-7-2010 Max Date 10-06-2015 Custody time credit awarded on 1 revocation for ISF & SAFP. Why my Max. Date moved to 10-06-2015. Just not awarded street time.

Revoked 10-20-2014 Sent to TDCJ Released 12-2-2014 Max Date 10-06-2015 I was awarded street time and custody time which should never moved my Max date and as of April 2015 my last revocation hearing this was the Max Date given to me by hearing officer and Parole Officer I Discharged 10-06-2015. I was awarded street time & custody time of 4 years 45 days From my last revoked date 10-20-2014. This letter with Dates shows that There is no comunication Between TDCJ-Parole & Records & Board Pardons and Parole Because you look 2nd parole or Mandatory Sup. Violation I got revoked 10-20-2014 went TDCS got street time credit got released 12-2-2014 Maximum Discharge Date then was 10-06-2015 and got Tech Violation. 3-17-2015 to 5-1-2015 Custody Potter County & Jail and went to hearing 4-2015 in Potter County. Tech Violation again 8-13-2015 to Present Deaf Smith County Jail Sent to ISF 8-31-2015 (Exibit 2) Custody Board Pardons & Parole have no comunication as seen Here they have me in custody 10-5-2014 to Present, I was revoked Sent to TDCJ 10-20-2014 Released 12-2-2014 and Max. Date then was 10-6-2015 Because I was awarded all street time and Custody time. Max Date should never moved from my last release 9-2010 But it was and These papers dates don't show these 2 Violations and Custody. Board Pardons & Parole in Amarillo, & TDCJ-Parole & Records Have no comunication Between them you see here. And this is also The reason TDCS-Parole Never moved my Max Discharge Date 10-06-2015 and I'm being held illegaly Past my Maximum Discharge Date...